**UNITED STATES DISTRICT COURT
MIDDLE DISTRCIT OF FLORIDA
TAMPA DIVISION**

ROBIN A. JACKSONHANNAH,

    Plaintiff,

v.                                                                                              Case No.:

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC. d/b/a AMERICAN
MEDICAL COLLECTION AGENCY,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, Plaintiff ROBIN A. JACKSONHANNAH ("Plaintiff"), by and through here undersigned counsel, and hereby sues Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and alleges as follows:

**NATURE OF THE ACTION**

    **I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692g of the FDCPA requires debt collectors to make certain disclosures and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g.

5. Section 1692g(b) of the FDCPA provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See also*, *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

6. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (5) The threat to take any action that cannot legally be taken or is not intended to be taken.
>
> […]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

7. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

8. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

9. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> […]

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

10. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and/or omissions giving rise to this action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts business in this State and this District.

## PARTIES

14. Plaintiff is a natural person and citizen of the State of Florida who at all relevant times resided in Pasco County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

16. Defendant is a foreign profit corporation doing business in Florida.

17. On information and belief, Defendant engages in interstate commerce by regularly using the telephone, internet and mail in a business the principal purpose of which is the collection of debts.

18. On information and belief, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. Defendant holds a Consumer Collection Agency license issued by the Florida Office of Financial Regulation.

20. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. At all times material hereto, Defendant was acting as a debt collector when communicating with Plaintiff.

23. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

24. Plaintiff is alleged to owe a financial obligation to Quest Diagnostics Incorporated (hereinafter, the "Alleged Debt").

25. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as the Alleged Debt arose out of medical services.

26. On or about October 24, 2016, Defendant sent or caused to be sent a written communication to Plaintiff (hereinafter, "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

27. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

28. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

29. Defendant's Collection Letter states, in pertinent part, the following:

> Dear Robin A. Jacksonhannah:
>
> Our records indicate that you have not responded to our previous requests of payment for $562.27.
>
> Since you did not respond, this may negatively impact your credit record. Please pay at once to cancel this debt.
>
> Your lack of response suggests your responsibility for this debt.

*See,* Exhibit A.

30. Defendant's Collection Letter contains the phrase "CREDIT REPORTING NOTICE" twice along the right-hand edge of the front side.

31. The back of Defendant's Collection Letter contains the following disclosure:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days after receiving this notice, that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

32. Defendant's Collection Letter was either Defendant's initial communication with Plaintiff with respect to the Alleged Debt or was sent within five (5) days of Defendant's initial communication with Plaintiff with respect to the Alleged Debt.

33. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I – VIOLATION OF THE FDCPA

34. Plaintiff re-asserts and re-alleges paragraphs 1 through 33 as if fully restated herein.

35. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

36. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

37. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

38. Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FDCPA, to wit:

    a. Section 1692g, by failing to effectively convey Plaintiff's rights under section

1692g(a). More specifically, Defendant's Collection Letter demands payment "at once", threatens imminent negative credit consequences due to Plaintiff failure to "respond" to Defendant's "previous requests", implies that negative credit consequences will befall Plaintiff prior to the expiration of the 30-day validation period and implies that Defendant is already assuming Plaintiff's responsibility for the Alleged Debt, thereby overshadowing Plaintiff's right to dispute the Alleged Debt within 30 days of Plaintiff's receipt of Defendant's Collection Letter. *See, e.g., Gilmore v. Account Mgt., Inc.*, 2009 WL 2848278, at *8 (N.D. Ga. Apr. 27, 2009)("Threatening to report a debtor to credit reporting agencies if payment of the debt is not received prior to the expiration of the thirty day period for disputing the debt overshadows language giving debtors thirty days to dispute the debt."); *Sokolski v. Trans Union Corp.,* 53 F.Supp.2d 307, 313–14 (E.D.N.Y.1999) (validation notice overshadowed by language in letter stating "[t]o avoid damaging your credit record, please pay the amount at once"); *Freer v. State Credit Adj. Bureau*, 3:97CV1239 GLG, 2000 WL 306990, at *1 (D. Conn. Jan. 11, 2000)("we believe the more reasonable construction of the words 'at once' means 'immediately.'"); *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.,* 323 F.Supp.2d 1344, 1349 (N.D.Ga.2003) *aff'd,* 374 F.3d 1011 (11th Cir.2004) ("Courts in the Eleventh Circuit use the 'least sophisticated consumer' standard when analyzing overshadowing claims.").

b. Section 1692e and 1692e(10) by falsely representing that Plaintiff ability to dispute the accuracy and/or legitimacy of the Alleged Debt had expired when, in fact, it had not. This representation is material in that it would impact the least

sophisticated consumer's decision making process.

c. Section 1692e(5) by threatening to take actions that would negatively impact Plaintiff's credit record within the thirty-day validation period despite the fact that Defendant did not intent to take such action.

39. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead as to her rights under federal law and has been denied her right to receive pertinent information related to her rights in a clear and non-confusing fashion. *See, e.g., Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)(finding that the absence of FDCPA mandated disclosures in collection letter created injury in fact); *Hall v. Glob. Credit & Collection Corp.*, 8:16-CV-1279-T-30AEP, 2016 WL 4441868, at *4 (M.D. Fla. Aug. 23, 2016)(same).

40. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCCPA

41. Plaintiff re-asserts and re-alleges paragraphs 1 through 33 as if fully restated herein.

42. At the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of the FDCPA's requirements and prohibitions, that it did not have the right to assume the accuracy and/or legitimacy of the Alleged Debt prior to the expiration of the 30-day validation period.

43. Defendant's Collection Letter states that Plaintiff's "lack of response suggests [her] responsibility for" the Alleged Debt, there by implying that Defendant had the right, at the

time Defendant's collection letter was sent, to assume the accuracy and/or legitimacy of the Alleged Debt.

44. Defendant, by and through Defendant's Collection Letter, violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right with knowledge that the right does not exist. *See, e.g., Martin v. Butler & Hosch, P.A.*, 8:14-CV-640-T-24 TBM, 2014 WL 3593622, at *4 (M.D. Fla. July 18, 2014)(finding that misrepresenting a consumer's rights under 15 U.S.C. § 1692g can constitute the assertion of a non-existent legal right in violation of Fla. Stat. § 559.72(9)); *Narvaez v. Specialized Loan Servicing, LLC*, 8:15-CV-19-T-24 TBM, 2015 WL 1810734, at *4 (M.D. Fla. Apr. 20, 2015).

45. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety and confusion whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

46. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

a. Awarding maximum statutory damages for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

b. Awarding actual damages sustained as a result of FDCPA violation pursuant to 15 U.S.C. § 1692k(a)(1).

c. Awarding reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

    d. Awarding maximum statutory damages for violations of the FCCPA pursuant to Fla. Stat. § 559.77(2);

    e. Awarding actual damages sustained as a result of FCCPA violations pursuant to Fla. Stat. § 559.77(2);

    f. Declaring Defendant's conduct to be in violation of the FCCPA pursuant to Fla. Stat. § 559.77(2);

    g. Enjoining Defendant from further FCCPA violations against Plaintiff pursuant to Fla. Stat. § 559.77(2);

    h. Awarding reasonable attorney's fees and court costs incurred by Plaintiff pursuant to Fla. Stat. § 559.77(2);

    i. Awarding punitive damages for Defendant's FCCPA violations pursuant to Fla. Stat. § 768.72; and

    j. Awarding any and all other relief the Court may deem just and proper.

DATED: April 5, 2017

Respectfully submitted by:

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

**EXHIBIT A**

NATIONAL COLLECTION AGENCY

# AMCA
## AMERICAN MEDICAL COLLECTION AGENCY
4 Westchester Plaza Suite 110, Elmsford, NY 10523

22

03 LCS TA4 124 3999075794
Pin Number: ▮▮▮▮6691
(844) 515-2622

Robin A Jacksonhannah
▮▮▮▮▮▮▮▮▮
Zephyrhills, FL  33541-1141

October 24, 2016

Dear Robin A Jacksonhannah:

Our records indicate you have not responded to our previous requests of payment for **$562.27**.

Since you did not respond, this may negatively impact your credit record.  Please pay at once to cancel this debt.

Your lack of response suggests your responsibility for this debt.  Your account information has been placed with our agency for the purpose of obtaining payment.  Our client, **Quest Diagnostics Incorporated**, has authorized us to continue collection efforts.

You may pay us by phone, web address or mail.  We ask that if you are paying by check, make checks payable to American Medical Collection Agency.

CREDIT REPORTING NOTICE

LCS-L - RMCB.WFD - 700246 - 00006655 - 1 of 1

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.    Detach and return this portion with payment using enclosed envelope.

| Amount Due: | $562.27 |
|---|---|

| | |
|---|---|
| Service Provider: | Quest Diagnostics Incorporated |
| Date of Service | March 11, 2016 |
| Invoice Number | ▮▮▮▮5794 |
| Pin Number: | ▮▮▮▮6691 |
| Name: | Robin A Jacksonhannah |
| Street Address: | ▮▮▮▮▮▮▮▮ |
| City, State Zip: | Zephyrhills, FL 33541-1141 |

To pay online: **pay.amcaonline.com**
☐ VISA    ☐ MASTERCARD    ☐ DISCOVER
Card #: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
Exp. Date: _____    Amount: _____
Signature: _____
Client Code: TA4    Invoice: ▮▮▮▮5794
Pin Number: ▮▮▮▮6691
03 LCS TA4 124

AMCA
PO BOX 1235
ELMSFORD, NY 10523-0935

The disclosures below are required by state or federal law. This is not intended to be a complete statement of all rights consumers may have under state and federal law.

"This is an attempt to collect a debt. Any information obtained will be used for that purpose." This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

A Detach along this edge. A
Return the Bottom portion with your check, credit card information or money order.
Include your account number, name and address on all correspondence.

Thank you for your attention to this matter.